IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) **CIVIL ACTION NO.**<br>) **15-CV-05592** |
| v. | ) |
| GLENWOOD HOOK & LADDER, ENGINE & HOSE COMPANY, INC., (A/K/A GLENWOOD LANDING FIRE DEPARTMENT), TOWN OF OYSTER BAY, TOWN OF NORTH HEMPSTEAD, INCORPORATED VILLAGE OF ROSLYN HARBOR, INCORPORATED VILLAGE OF OLD BROOKVILLE, | )<br>)<br>) **COMPLAINT**<br>)<br>)<br>) **JURY TRIAL DEMAND**<br>)<br>) |
| Defendants. | )<br>) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 *et seq.*, to correct unlawful employment practices on the basis of age and to provide appropriate relief to Vincent LoPiccolo and other similarly-aggrieved employees of the Defendant Glenwood Hook and Ladder, Engine and Hose Company, Inc., a/k/a the Glenwood Landing Fire Department (hereinafter "Glenwood Fire Company"). The Glenwood Fire Company provides fire protection and rescue services to the Glenwood-Glen Head Fire Protection District which includes portions of Defendants, the Towns of Oyster Bay and North Hempstead and the Villages of Old Brookville and Roslyn Harbor. As alleged with greater particularity in paragraphs 30 through 37 below, the Equal Employment Opportunity Commission ("Commission") alleges that Defendants refuse to allow volunteer firefighters age 55 and older to accrue credit towards a service award benefit in the Glenwood Fire Company's Length of Service Award Program ("LOSAP") because of their age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendants have been doing business in the State of New York and the County of Suffolk, and have continuously collectively had at least 20 employees.

5. At all relevant times, Defendant Glenwood Fire Company has continuously been a New York corporation doing business in the State of New York and the County of Suffolk, and has continuously had at least 20 employees.

6. At all relevant times, Defendant Glenwood Fire Company has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

7. At all relevant times, Defendant Glenwood Fire Company has provided fire and rescue services to the Towns of Oyster Bay and North Hempstead and to the Villages of Old Brookville and Roslyn Harbor and thus has continuously been an Agency or Instrumentality of Defendants Town of Oyster Bay, Town of North Hempstead, Incorporated Village of Old Brookville and Incorporated Village of Roslyn Harbor.

8. At all relevant times, Defendant Glenwood Fire Company has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

9. At all relevant times, the Defendant Town of Oyster Bay has continuously been doing business in the State of New York and County of Suffolk, and has continuously had at least 20 employees.

10. At all relevant times, the Defendant Town Oyster Bay has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

11. At all relevant times, the Defendant Town of Oyster Bay has continuously been a political subdivision of the State of New York and County of Suffolk.

12. At all relevant times, the Defendant Town of Oyster Bay has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

13. At all relevant times, the Defendant Town of North Hempstead has continuously been doing business in the State of New York and County of Suffolk, and has continuously had at least 20 employees.

14. At all relevant times, the Defendant Town of North Hempstead has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

15. At all relevant times, the Defendant Town of North Hempstead has continuously been a political subdivision of the State of New York and County of Suffolk.

16. At all relevant times, the Defendant Town of North Hempstead has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

17. At all relevant times, the Defendant Village of Old Brookville has continuously been doing business in the State of New York and County of Suffolk, and has continuously had at least 20 employees.

18. At all relevant times, the Defendant Village of Old Brookville has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

19. At all relevant times, the Defendant Village of Old Brookville has continuously been a political subdivision of the State of New York and County of Suffolk.

20. At all relevant times, the Defendant Village of Old Brookville has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

21. At all relevant times, the Defendant Village of Roslyn Harbor as continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

22. At all relevant times, the Defendant Village of Roslyn Harbor has continuously been a political subdivision of the State of New York and County of Suffolk.

23. At all relevant times, the Defendant Village of Roslyn Harbor has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## **CONCILIATION**

24. More than 30 days prior to the institution of this lawsuit, Vincent LoPiccolo filed

a charge with the Commission alleging violations of the ADEA by Defendants.

25. On June 23, 2014, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that the ADEA was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

26. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

27. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

28. On July 6, 2015, the Commission issued to Defendants a Notice of Conciliation Failure.

29. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

30. Since at least October 16, 1992, (the effective date of the Older Workers' Benefit & Protection Act – "OWBPA"), and continuing to the present, Defendants have engaged in unlawful employment practices in Suffolk County, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a).

31. In New York, political subdivisions may establish a LOSAP, in which volunteer firefighters earn points and accrue service credit toward a "service award," a benefit payable when firefighters reach an "entitlement age." New York General Municipal Law §§214-219A.

32. Prior to 1990, Defendants, the Town of Oyster Bay, the Town of North Hempstead, the Village of Old Brookville and the Village of Roslyn Harbor created a LOSAP for the Glenwood Fire Company.

33. The Glenwood Fire Company's LOSAP was adopted effective April 1, 1990.

34. Since at least April 1, 1990 and continuing to the present, the entitlement age for the Glenwood Fire Company's LOSAP has been age 55.

35. Since at least April 1, 1990 and continuing to the present, the Glenwood Fire Company's active firefighters who are age 55 and older, including but not limited to Vincent LoPiccolo, cannot earn service credit because of their age, in violation of the ADEA.

36. Service award programs in New York may provide for the crediting of years of active service for periods after an active volunteer firefighter has reached entitlement age and is receiving a service award. New York General Municipal Law §§217(n).

37. In violation of the ADEA, Defendants have not amended the Glenwood Fire Company's LOSAP to allow firefighters to earn service credit without regard to age.

38. The effect of the practices complained of in paragraphs 30 through 37 above has been to deprive Vincent LoPiccolo, and other similarly-aggrieved individuals who have reached entitlement age, of equal employment opportunities and otherwise adversely affect their eligibility to receive employee benefits because of their age.

39. The unlawful employment practices complained of in paragraphs 30 through 37 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendants, their officers, successors, agents, assigns and all persons in active concert or participation with them, from discriminating against employees on the basis of age.

  B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities and benefits for older individuals and which eradicate the effects of their past and present unlawful employment practices.

  C. Grant an order requiring Defendants to refrain from the practice of refusing to allow firefighters age 55 and older to accrue credit toward a service award.

  D. Grant a judgment requiring Defendants to award individuals affected by Defendants' illegal policies credit toward a service award in an appropriate amount to be determined at trial.

  E. Grant a judgment requiring Defendants to pay an appropriate service award in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to individuals whose service awards were denied or reduced as a result of the acts complained of above.

  F. Order Defendants to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to service award credit resulting in increased benefit payments to Vincent LoPiccolo and all other similarly-aggrieved individuals whose service awards were denied or reduced as a result of the acts complained of above.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

_____
Robert D. Rose
Regional Attorney

_____
Raechel L. Adams
Supervisory Trial Attorney

_____
Adela P. Santos
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Phone: (212) 336-3695
Fax: (212) 336-3623
Email: adela.santos@eeoc.gov